UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM CERNAK,

     Petitioner,

-vs-                                     Case No.  8:11-CV-285-T-27MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("petition") (Dkt. 1).  Petitioner challenges sentences entered in 2009 by the Twelfth Judicial Circuit Court, Sarasota County, Florida. Respondent filed a response to the petition (Dkt. 13), and Petitioner filed a reply to the response (Dkt. 16).

The matter is now before the Court for consideration on the merits of Petitioner's claims. An evidentiary hearing is not required for the disposition of this matter.  Rules Governing Section 2254 Cases 8(a).

## Procedural History

In case number 96-2464, Petitioner was found guilty after a jury trial of one count of kidnaping (count one) and two counts of sexual battery (counts two and three).  *See* App. 1a.[1]  He was adjudicated guilty and sentenced on May 8, 1997, to imprisonment for a term of 31 years as to

_____

[1]All exhibits cited by the Court throughout this Order are located in the appendix record of Petitioner's state court proceedings, docket entry 15.

each of the sexual battery counts, with the sentences to run concurrently. He received a probationary term of ten years as to the kidnaping count.

Petitioner was found guilty after a bench trial in three additional cases involving kidnaping and sexual battery. He was adjudicated guilty and sentenced on July 21, 1997, as follows:

(1) 1996-CF-2655: one count of sexual battery, 31 years in prison; one count of kidnaping, 10 years consecutive probation.

(2) 1996-CF-2659: one count of sexual battery, 31 years in prison.

(3) 1996-CF-11270: one count of kidnaping, 31 years in prison; two counts of sexual battery, ten years probation (concurrent with each other and consecutive to prison sentence on the kidnapping count). *See* App. 1b, 1c, 1d. Petitioner prosecuted consolidated appeals, and, on March 24, 1999, the state appellate court affirmed the judgments of conviction *per curiam. See* App. 5.

Petitioner sought leave to file an out-of-time motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in case number 1996-CF-2464, which was denied on June 23, 2003. *See* App. 5. Petitioner then filed another Rule 3.850 motion dealing with all of the above-mentioned cases, which was denied on July 31, 2003. *See* App. 12. The state appellate court affirmed the denial *per curiam* on July 9, 2004. *See* App. 15.

Petitioner next filed a petition to invoke all writs jurisdiction in case number 1996-CF-2464, which the trial court denied on January 25, 2005. *See* App. 19, 20. The state appellate court affirmed the denial *per curiam* on June 1, 2005. *See* App. 24. The Supreme Court of Florida dismissed Petitioner's request for review on August 3, 2005. *See* App. 29.

Petitioner then filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800 in case number 1996-CF-2464, which the trial court granted. Petitioner was

Case 8:11-cv-00285-JDW-MAP   Document 19   Filed 02/24/14   Page 3 of 10 PageID 79

resentenced on August 17, 2005, as follows: (1) imprisonment for a term of 203.5 months, followed by probation for a term of ten years as to count one; and (2) probation for a term of ten years as to counts two and three to run consecutively to the incarceration in count one. *See* App. 31, 32. The state appellate court reversed and remanded for entry of a written amended sentence on all three counts that comported with the trial court's oral pronouncement. *See Cernak v. State*, 949 So. 2d 256 (2d DCA 2007). The trial court then entered an amended written sentence. *See* App. 36.

Petitioner then filed a Rule 3.800(a) motion in case numbers 1996-CF-2655, 1996-CF-2659, and 1996-CF-11270, raising four claims. *See* App. 40. The trial court denied the motion on November 14, 2007. *See* App. 41. The state appellate court affirmed the denial of claims one through three, but reversed as to claim four. *See Cernak v. State*, 998 so. 2d 1214 (Fla. 2d DCA 2009). On remand, and after several hearings, Petitioner was resentenced on June 30, 2009, as follows:

> 1996-CF-2655: kidnapping and sexual battery--imprisonment for a term of 285 months, followed by probation for term of 10 years.
>
> 1996-CF-2659: sexual battery--imprisonment for a term of 180 months.
>
> 1996-CF-11270: kidnaping--imprisonment for a term of 285 months, followed by probation for a term of 10 years.

*See* App. 50, Vol. VII. The new sentences in those cases were to run concurrently with each other and with the sentence in case number 1996-CF-2464. The state appellate court affirmed *per curiam* on July 7, 2010. *See* App. 53.

Finally, Petitioner filed a petition for writ of habeas corpus with the state appellate court dealing with case numbers 1996-CF-2655, 1996-CF-2659, 1996-CF-11270 , which was denied on September 30, 2010. *See* App. 55, 56, 57.

3

## The AEDPA Standard of Review

Petitioner timely filed the instant federal petition, pursuant to 28 U.S.C. § 2244(d), on April 5, 2010, raising four grounds for relief. His petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24,1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Section 104 of the AEDPA amended 28 U.S.C. § 2254 by adding the following provision:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254, as amended by the AEDPA, establishes a highly deferential standard for reviewing state court judgments. *Parker v. Secretary, Dep't of Corr.*, 331 F.3d 764 (11th Cir. 2003) (citing *Robinson v. Moore*, 300 F.3d 1320, 1342 (11th Cir. 2002)).

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This language requires an examination of the state court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398–1401 (2011). In addition, § 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." *Robinson*, 300 F.3d at 1342. The federal court will presume

4

the correctness of state court findings of fact, unless the petitioner is able to rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). When measured against the AEDPA standard, it is clear that Petitioner's petition is due to be denied.

### Standard of Review for Ineffective Assistance of Appellate Counsel Claim

Petitioner claims that, during the resentencing proceedings, his appellate counsel was incompetent and performed substantially below the standard guaranteed by the Sixth Amendment and that he was prejudiced as a result. It is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.), cert. denied, 469 U.S. 956 (1984). The standard for analyzing ineffective assistance claims is the same for trial and appellate counsel. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987).

A petitioner claiming ineffective assistance of counsel must meet the two-part standard for counsel's performance established by *Strickland v. Washington*, 466 U.S. 668 (1984). To establish a *prima facie* claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* at 687. Deficient performance is performance which is objectively unreasonable under prevailing professional norms. *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are rare. *Waters v. Lewis*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).

## Discussion

**Ground One**

Petitioner argues that he was denied "effective assistance of appellant counsel" because, during the resentencing proceedings, Steve Watson (his counsel during the resentencing proceedings) "misrepresented the facts." *See* Dkt. 1 at 5. Petitioner contends that, with regard to case numbers 1996-CF-2655, 1996-CF-2659, and 1996-CF-11270, he "wanted to receive the same reduced sentence of 203.5 months" that he received in case number 1996-CF-2464 and that, if that was not possible, he would have preferred to withdraw his pleas in those other cases. This claim was raised in Petitioner's state habeas petition.

Mr. Watson represented Petitioner during the resentencing proceedings related to case numbers 1996-CF-2655, 1996-CF-2659, and 1996-CF-11270. Jamie Spivey represented Petitioner on the direct appeal related to those proceedings. Petitioner asserts in his reply that this claim is based on ineffective assistance of appellate counsel. *See* Dkt. 16 at 3. Specifically, he asserts that appellate counsel should have argued that the trial court erred in denying his request "for substitute counsel prior to trial." *Id.*

The Court notes initially that appellate counsel was not ineffective for failing to raise ineffective assistance of trial counsel claims related to the performance of Mr. Watson. Claims that trial counsel rendered ineffective assistance are issues are more appropriately raised in a motion under Florida Rule of Criminal Procedure 3.850. *Collins v. State*, 859 So. 2d 1244, 1246 (Fla. 5th DCA 2003).[2]

---

[2]Moreover, any claim related to the ineffectiveness of Mr. Watson during the resentencing proceedings is procedurally barred since Petitioner did not raise such a claim with the state courts. There are two exceptions to the procedural default bar. First, a petitioner may overcome a procedural default by showing "both 'cause' for the default

Next, the finding of guilt in case numbers 1996-CF-2655, 1996-CF-2659, and 1996-CF-11270 arose from a bench trial, not from a plea proceeding. Therefore, there would have been no basis for the trial court to allow Petitioner to "withdraw his pleas" since Petitioner never entered any pleas. As a result, Petitioner's desire, in the alternative, to withdraw his pleas was without any basis.

Additionally, Petitioner fails to demonstrate the trial court erred in refusing to allow the substitution of counsel. Petitioner does not allege or otherwise demonstrate that Mr. Watson labored under a conflict of interest or that Mr. Watson's representation was such that substitute counsel should have been appointed.

The issue of whether Petitioner should obtain substitute counsel was addressed thoroughly by the trial court. The trial court was aware of Petitioner's position that he had entered pleas in case numbers 1996-CF-2655, 1996-CF-2659, and 1996-CF-11270. However, the trial court ultimately concluded that those cases involved bench trials, not pleas. Therefore, the trial court found that Mr. Watson had not been performing deficiently and that there was no conflict with regard to Mr. Watson's representation. *See* App. 50, Vol. IX at 1503.

Petitioner also asserted in the resentencing proceedings that counsel failed to locate certain documents. The trial court found that Mr. Watson had no control over the documents Petitioner claimed were misplaced and pointed out that Mr. Watson was familiar with the all of the issues involved in the resentencing. *Id.* at 1501-03. As a result, there has been no showing that the trial court erred with regard to this matter, and Petitioner's allegations do not support a finding of ineffective assistance of appellate counsel.

---

and actual 'prejudice' resulting from the default." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). The second exception, known as the "fundamental miscarriage of justice," only "occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.* In the present case, Petitioner has neither alleged nor shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception.

Moreover, Mr. Spivey raised a similar argument on appeal. In particular, Mr. Spivey argued that Petitioner should have received the same sentence he receive in case number 1996-CF-2464 and that, because he did not, he was entitled to reassert his right to a jury trial in those cases. *See* App. 51 at 5-7.

Finally, Petitioner's appellate counsel submitted an initial brief which was comprehensive, thorough, and well-argued. The record clearly evinces the thoroughness and reasonableness of appellate counsel's work. *Cf. Thomas v. Scully*, 854 F. Supp. 944 (E.D.N.Y. 1994) (the appellate brief submitted by counsel clearly showed the thoroughness of counsel's work). The fact that other issues might have succeeded in the state appellate court "does not lead automatically to the conclusion that [Petitioner] was deprived of a constitutional right when his lawyer failed to assert such a claim." *Woodfork v. Russell*, No. 92-4301, 1994 WL 56933, at *4 (6th Cir. February 24, 1994) (unpublished opinion). In this case, the Court finds that appellate counsel's decision not to pursue the other issue was consistent with reasonable appellate strategy that, under the deferential standard of review articulated in Strickland, should not be second-guessed. *See Gray v. White*, No. C-94-2434 EFL, 1997 WL 16311, at *9 (N.D. Cal. January 6, 1997) ("appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by defendant. The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy.") (citations omitted).

In summary, the Court cannot find that appellate counsel was "objectively unreasonable" in failing to raise the omitted claims. Furthermore, even if appellate counsel's performance was objectively unreasonable, there is no likelihood that Petitioner would have prevailed on appeal. Petitioner has failed to demonstrate that the state appellate court's adjudication of his claim of

ineffective assistance of appellate counsel was an unreasonable application of *Strickland*, and he is not entitled to habeas corpus relief on this claim.

**Ground Two**

Petitioner contends that the trial court erred by not allowing him to withdraw his pleas, "as directed by the appellate court." *See* App. 1 at 7. This claim was raised in Petitioner's state habeas petition. This claim was not raised on direct appeal.

Under Florida law, "habeas corpus petitions are not to be used for additional appeals on questions which could have been, should have been, or were raised on appeal or in a rule 3.850 motion, or on matters that were not objected to at trial." *Parker v. Dugger*, 550 So.2d 459, 460 (Fla. 1989). Thus, ground two is procedurally barred because it should have been raised on direct appeal.

In the present case, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, this claim is denied as procedurally barred.

ACCORDINGLY, it is **ORDERED** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate

of appealability (COA).  Id.  "A [COA] may issue...only if the applicant has made a substantial

showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make such a showing,

Petitioner must show that reasonable jurists would find debatable both (1) the merits of the

underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack*

*v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).

Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma*

*pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on February 24, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copy to: Petitioner *pro se*
Counsel of Record

10